Thank you, Your Honor. May it please the Court, David Menninger on behalf of Melvin Martinez-Lopez, whose sentence was greatly increased by the erroneous application of the modified categorical approach to an indivisible statute. Under California law, a jury can convict a defendant under California Health and Safety Code 11352, even if it disagrees as to which of the prohibited conduct he committed. For that reason, the statute is indivisible, and it was air for the District Court to apply the modified categorical approach to enhance Mr. Martinez-Lopez by 16 levels. How would you approach the question of whether it's divisible or not? Is it resort to, in the first instance, a textual analysis, and then looking at a combination of law and jury instructions? The reason I'm asking is that you reference California law. It's not so clear to me that California has really spoken to this issue. So what is the approach in figuring this out? Following de Compte's and this Court's precedent interpreting de Compte's, this Court has made clear that the touchstone of divisibility is jury unanimity. A jury must unanimously select one of the statutory alternatives in order for a statute to be indivisible. I'm sorry, divisible, Your Honor. So we absolutely look at the statute, but even if the statute is worded in the disjunctive, this Court's precedents have held that a statute is not divisible unless the jury needs to unanimously select one of those alternatives. And there can be many, you know, various sources of law that can answer that question. In this case, the California decisional law makes it very clear that a jury does not have to select one of those alternatives. The case cited in our opening brief, People v. Lynch, lays that out in very explicit terms, but that's not the only case, Your Honor. The cases cited in our reply brief also make that very clear. For example, in People v. Pierre, which is cited in our reply brief, the jury was instructed as to three of those alternatives and did not make a selection among those three alternatives. The case cited in the Court of Appeals says that doesn't matter. The jury necessarily found that he violated the statute in his conviction stance. So in this case, the California decisional law makes it very clear that unanimity is not required as to the conduct element of 11352. Now, certainly, model jury instructions can often, when they speak to jury unanimity, can be helpful in deciding divisibility. But the jury instructions in this case do not speak to unanimity at all. Well, the jury instructions would have to date back to the time of conviction, right? And those jury instructions look different than the way they do today. The way it's structured, the prosecutor would generally select the conduct. It's one of those a person, blank, sold, et cetera. So looking at the jury instructions at the time of the conviction, I think, cuts against your argument. So, Your Honor, I would disagree with that. And I don't think that the jury instructions prove that the prosecutor only needs to select one of those alternatives that are listed in the brackets. And the jury instructions don't say that the prosecutor only needs to pick one. And, in fact, we know from the case law that the opposite is true. As I mentioned, in People v. Pierre, they were instructed as to three alternatives. And I would also note that one of the only California cases cited in the government's brief, People v. Taylor, also mentions that the jury was instructed as to two different alternatives. And, finally, as we argued in our first 28J letter, the jury instructions in Chavez-Solis v. Holder were materially identical to the jury instructions in this case. And for the same reasons, this court in Chavez-Solis v. Holder says the jury instructions don't tell us anything about unanimity. They just tell us that the judge needs to select one or more alternatives before it instructs the jury. Your Honor, I would also like to speak briefly about another case the government relies on, which is People v. Patterson. And People v. Patterson has nothing to do with jury unanimity at all. And because it has nothing to do with jury unanimity, it doesn't tell us anything about divisibility in that case. That's a case about the application of the California felony murder rule, which under California law can only attach to a crime that is, quote, inherently dangerous. And what Patterson says is we shouldn't look at the whole range of conduct prohibited by 11352 when we make that dangerousness determination. We should look at those specific portions of the statute that the defendant is accused of violating. But to be clear, nowhere in the court's opinion in Patterson does it look at jury unanimity to reach that conclusion. The case, quite simply, is not about jury unanimity. That does not factor in the court's analysis at all in Patterson. And to be fair, Patterson does use the crime, does label the separate means of conduct as, quote, separate crimes or separate offenses. But that label doesn't matter when it's very clear that a jury does not need to unanimously agree. When everything we have tells us that a jury does not need to unanimously select one of those alternatives, and as argued in our second 28J letter, this court in Lopez Valencia v. Lynch essentially made the exact same, rejected the exact same argument as did the court in this case. What is your view with regard to footnote 2 in the DeCamp opinion, responding to the dissent, Justice Alito's point that sometimes distinguishing between alternative elements and alternative means can be quite difficult, and I think this case falls in that category. The majority responded that there's no need for any real-world worry, because whatever a statute lists, whether elements or means, we can take a look at Taylor and Shepard documents to figure that out. What do you think that means? Well, Your Honor, I think this court has made clear that DeCamps as a whole does require jury unanimity. Footnote 2 and footnote 2, this court has held that footnote 2 is no bar to that interpretation of DeCamps. So I would rest on this court's interpretation in Rendon, which this court has also employed in Chavez-Solis v. Holder, as well as Lopez Valencia v. Lynch, Your Honor. I would also point out, although the statute is divisible because of the lack of jury unanimity requirement, but I do think it's relevant, Your Honor, that the complaint in this case did charge all of the alternative means of conduct cited in the statute. Do you want to save your time for rebuttal? Yes, please. Thank you very much, Your Honor. Good morning, Your Honors. May it please the Court, Ashley Aul for the United States. This court has consistently found California drug statutes to be divisible based on a record of California law indistinguishable from the record here. And I dispute counsel's characterization of California law here as clear regarding jury unanimity. I would say based on the best sources we have, which I would submit is Patterson and Russo, California law suggests that jury unanimity is not required. And I think a key distinction between this case and Rendon and Lopez Valencia, other than the fact that those are theft cases that we're dealing not with an actus reus, but with a mental state, is that here there is no California Supreme Court opinion holding that jury unanimity is not required in all cases. That was true in Rendon. That was true in Lopez Valencia. And it's not true here. What we have instead is Patterson. And Patterson says that 11352 incorporates separate crimes. It says that the elements of those crimes bear little relationship to one another. And if the Court does look back to Descamps and the cases preceding Descamps, the focus is on, first, statutory elements. Nijhuan and Johnson both look to statutory phrases. And here, of course, there's no doubt that the statutory phrases are divisible. There's no doubt also that jury instructions at the time required a selection of one or the other of the actus reuses included. And then there's also no question that California Supreme Court considers 11352 to incorporate different crimes. But because the case law is conflicting and all predate Descamps, what gives us the confidence that prosecutors would, in all instances, select among the conduct choices that are laid out in the statute? I think, Your Honor — I mean, I think realistically, from a practical standpoint, many prosecutors will choose, is this a transportation case, is this a cell case, is this a distribution case? They'll pick the one that's easiest, because coming into trial, they've got a theory and they've got the closing argument in mind. But I don't know that they necessarily have to do that. Or maybe they'll choose two or three of the alternatives that's laid out in the statute. So what tells us that a prosecutor has to make that selection? Your Honor, I think to the extent a prosecutor charges conjunctively, and ultimately some of those bases are held to be surplusage, then that ultimately will be worked out by the application of the modified categorical approach, not the question of divisibility in the first instance. In fact, I was looking for it in my notes. In one of the cases that was cited in the reply brief, that's exactly what happened, is the court resolved the appeal by finding that what happened was, though there was charge over inclusively, several of those forms were in that case surplusage, and so the conviction was affirmed. But I think as to the question of whether or not something is divisible in the first instance, it's not whether or not in a particular case a prosecutor can or can't charge conjunctively. I think it's a matter of, under the state law, do these embody different crimes? And I think under California law, it's clear that they do. And in terms of the law that has been cited, both in the reply and in the opening brief, what those cases stand for, I think, is something less dramatic, which is that there are any number of circumstances under which failures to instruct a jury a certain way aren't harmful. Lynch itself deals with the failure to instruct sua sponte on the question of unanimity. And under California law, there are exceptions to the Rousseau requirement of instructing regarding unanimity in a particular case, based on whether the defenses are the same, for instance. And so just because you can find a number of California Court of Appeals cases that indicate that in a particular case it was not plainly erroneous to provide a particular instruction, does not stand for the same thing as the California Supreme Court held in the cases analyzed in Rendon and Lopez Valencia, which was that per se jury unanimity is not required under that statute. And so I would submit that the cases cited by defendant in this case are not particularly helpful. Turning very briefly to the Amesco-Vazquez question, in the reply brief, defendant has laid out a table laying out comparisons between this case and the fact that Amesco-Vazquez supporting the claim that the sentence here was substantively unreasonable. I would point out a key thing omitted from that chart is that subsequent to Amesco-Vazquez, the guidelines were amended to take into account exactly what happened in that case. In this case, the conviction on which the sentencing enhancement was imposed was not timed out under the guidelines. It still received criminal history points. And in fact, defendant had only been out of jail for 11 years at the time of his reentry in this case. In addition, unlike in Amesco-Vazquez, the defendant here had five deportations. In Amesco-Vazquez, the defendant had one. The defendant here has two prior 1326 convictions. The defendant in Amesco-Vazquez had none. And so on that basis, I would submit that that case is readily distinguishable. Thank you, Counsel. Thank you. Thank you, Your Honors. Respectfully, I'd like to clarify the state of the case law, the California case law at issue in this case. The government has not cited one case, not even one case, that says anything differently than People v. Lynch or People v. Pierre or any of the cases that we cite that squarely hold that a jury does not need to select between these alternatives. None of the cases, the government has not cited any case that deals with the issue of jury unanimity and comes to a different conclusion. So I would submit that the case law is not conflicted. It's actually very clear on the issue of jury unanimity. What if we disagree with you that the case law is clear with regard to jury unanimity? Where does that leave us? Well, Your Honor, you mean if the court were to view the case law as mixed on the issue of jury unanimity? Right. Or you deal with some statutes where the case law is silent on the question of whether unanimity is required, because it's never presented to that particular state court. We have another case on calendar involving this very same question with regard to a different statute. So what if you have a scenario where the state either has not spoken to the issue or the state case law is unclear with regard to the issue? Where would you have the panel go from there? Sure, Your Honor. I would suppose that in the absence of any authority, it is the government's burden to prove that a sentencing enhancement applies. So I think that if the government could not prove that the statute was divisible, then I suppose in that instance it would not be proper to apply the enhancement. But I would say that the court does not need to reach that question in this case because the case law does everything we have that addresses the issue of jury unanimity, says that unanimity is not required. And the only authorities that the government has relied on do not address that essential issue of jury unanimity, which this court in multiple cases has found to be the touchstone of the divisibility analysis. And again, I'm sorry, Your Honor. And I would say that the California law, again, the labeling of these statutory alternatives as separate crimes is not relevant in the absence of a requirement of jury unanimity as this court rejected essentially the identical argument in Lopez Valencia v. Lynch, Your Honor. Thank you, Captain. Thank you. Case disargued will be submitted.
judges: Reinhardt, Noonan, Nguyen